IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| KENNETH SHANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BYL COLLECTION SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, KENNETH SHANNON, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, BYL COLLECTION SERVICES, LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. KENNETH SHANNON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Dubuque, County of Dubuque, State of Iowa.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff's son to Hawkeye Village Apartments (hereinafter "Hawkeye").

1

6. The debt that Plaintiff's son allegedly owed Hawkeye was for a residential rental bill.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. BYL COLLECTION SERVICES, LLC, (hereinafter, "Defendant") is a business entity/law firm engaged in the collection of debt within the State of Iowa. Defendant is registered as a limited liable company in the State of Pennsylvania.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about June 14, 2006, Plaintiff's son's entered into a twelve (12) month residential lease with Hawkeye.

2

Case 2:10-cv-01034-LRR   Document 2   Filed 12/23/10   Page 2 of 8

15. Plaintiff was a co-signer on the aforementioned lease.

16. Subsequent to the term of the aforementioned lease, Plaintiff's son's signed a new residential lease with Hawkeye.

17. Plaintiff never co-signed on the aforementioned lease.

18. As such, subsequent to on or about June 14, 2007, Plaintiff was not legally responsible for rent and/or fees and costs relative to the new residential lease entered into between Plaintiff's son and Hawkeye.

19. The debt on which Defendant was attempting to collect from Plaintiff was allegedly incurred by Plaintiff's son for rent and/or fees and costs incurred by Plaintiff's son on his residential lease subsequent to on or about June 14, 2007.

20. As such, Plaintiff was not legally responsible and/or legally obligated to pay Hawkeye for the aforementioned debt allegedly incurred by his son.

21. Notwithstanding that Plaintiff was not liable to pay the aforesaid debt, Defendant attempted to collect the aforesaid debt from Plaintiff.

22. In or around August 2010, Defendant initiated a telephone call to Plaintiff's wife and informed Plaintiff's wife that Plaintiff owed a debt to Hawkeye.

23. The aforementioned representation that Plaintiff owed a debt to Hawkeye was false, deceptive and/or misleading given that Plaintiff did not owe the aforesaid debt.

24. The aforementioned representation that Plaintiff owed a debt to Hawkeye misrepresented the character and/or nature of the debt on which Defendant was attempting to collect.

25. In or around September 2010, and on multiple occasions therein, Plaintiff and Defendant engaged in multiple telephone conversations regarding the debt on which Defendant was attempting to collect.

26. In or around September 2010, and on multiple occasions therein, Defendant informed Plaintiff that he owed Hawkeye for the debt that was incurred by his son.

27. In or around September 2010, and on multiple occasions therein, Defendant offered a settlement to Plaintiff regarding the debt that was incurred by his son.

28. In or around September 2010, and on multiple occasions therein, Plaintiff informed Defendant that he disputed the debt on which Defendant was attempting to collect.

29. In or around September 2010, and on multiple occasions therein, Plaintiff informed Defendant that he was not responsible for paying the debt that was allegedly incurred by his son subsequent to on or about June 14, 2007.

30. In or around September 2010, and on multiple occasions therein, Plaintiff informed Defendant that because he never co-signed for his son's lease, subsequent to June 14, 2007, that he was not responsible for the debt on which Defendant was attempting to collect.

31. In or around September 2010, Defendant informed Plaintiff that even if he did not co-sign his son's lease after June 14, 2007, that Plaintiff was still responsible for the debt because his status as a co-signer "rolled over" to his son's subsequent lease term.

32. The aforementioned representation was false, deceptive and/or misleading given that Plaintiff's status as a co-signer did not "roll over" to the lease that was subsequently signed by his son.

33. Notwithstanding that Plaintiff was not liable to pay for the debt allegedly owed to Hawkeye, Defendant continued to attempt to collect the aforesaid debt from Plaintiff.

34. Notwithstanding that Plaintiff had advised Defendant, on multiple occasions, that he did not owe the aforesaid debt, Defendant continued to attempt to collect the aforesaid debt from Plaintiff.

35. On or about September 28, 2010, Dan Grass, a duly authorized representative of Defendant, sent a correspondence to Plaintiff via e-mail.

36. Defendant stated in the aforementioned correspondence that it was enclosing a copy of Defendant's documentation relative to Plaintiff's "account that has been placed in [Defendant's] office."

37. Defendant further attached to the aforementioned correspondence documentation that purportedly demonstrated that Plaintiff owed a debt to Hawkeye.

38. The aforementioned documentation did not provide evidence to support Defendant's representations, as delineated above, that Plaintiff owed a debt to Hawkeye.

39. On or about September 28, 2010, Mr. Grass sent an additional correspondence to Plaintiff's wife via e-mail.

40. Defendant again attached to the aforementioned correspondence documentation that purportedly demonstrated that Plaintiff owed a debt to Hawkeye.

41. The aforementioned documentation, again, failed to provide evidence to support Defendant's representations, as delineated above, that Plaintiff owed a debt.

42. On or about September 29, 2010, Plaintiff engaged in a telephone conversation with Ryan Carver, a duly authorized representative of Defendant.

43. During the course of the aforementioned telephone call, Plaintiff reiterated to Defendant that he did not owe the debt on which Defendant was attempting to collect.

44. Again, Defendant told Plaintiff that he owed a debt to Hawkeye.

5

45. Again, Defendant attempted to enter into a payment plan with Plaintiff relative to the debt on which Defendant was attempting to collect.

46. Defendant told Plaintiff that he had thirty (30) days to pay the debt.

47. Defendant's representation that Plaintiff had thirty (30) days to pay the debt was false, deceptive and/or misleading given that Plaintiff was neither legally responsible nor legally obligated to pay the debt on which Defendant was attempting to collect.

48. During the aforesaid telephone call, Defendant further stated that if Plaintiff did not pay the debt within thirty (30) days then Defendant would report the debt owed by Plaintiff to the credit reporting agencies.

49. Defendant's representation that it would report Plaintiff's debt to the credit reporting agencies was false, deceptive and/or misleading given that Defendant had no legal authority to report the aforesaid debt on Plaintiff's credit report because Plaintiff never incurred the aforesaid debt.

50. To date, Defendant has not reported to the credit reporting agencies that Plaintiff owes a debt to Hawkeye.

51. In its attempts to collect the debt allegedly owed by Plaintiff to Hawkeye, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    e. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    g. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    h. Attempted the collection of funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1);

    i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

52. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

53. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KENNETH SHANNON, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                                                                By:    s/ David J. Steen
                                                                        Attorney for Plaintiff

Dated: December 23, 2010

David J. Steen
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (515) 724-3384
Facsimile:   (888) 418-1277
E-Mail:      dsteen@smithlaw.us